**IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| CDN INNOVATIONS, LLC.,<br><br>               Plaintiff,<br><br>   v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br>TP-LINK INTERNATIONAL LTD.,<br><br>               Defendants, | **Civil Action No. 4:22-cv-661**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S EX PARTE MOTION FOR
<u>LEAVE TO EFFECT ALTERNATIVE SERVICE</u>**

1

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND ...................................................................................5
   A. Plaintiff is a Georgia LLC and Defendants are Chinese Companies ...5

   B. Plaintiff Has Repeatedly Attempted to Serve Defendants ..................5

II. LEGAL STANDARDS .........................................................................................6

III. ARGUMENT .........................................................................................................8
   A. Alternative Service of Process is Justified under Rule 4(f)(3) ...........8

      1. Alternative Service is Justified Because of the Delay and Expense Associated with Service via the Hague Convention .....9

      2. Alternative Service is Justified Because TP-Link Repeatedly Refused Plaintiff's Multiple Attempts to Effect Service ..........11

   B. Service on the Defendants through TP-Link's US Subsidiary and Through TP-Link's U.S. Counsel Comports with Due Process ......12

      1. Defendants Can be Served via U.S. Subsidiary, TP-Link USA ...............................................................................................12

      2. Service Can Be Accomplished via Known Outside Counsel for Defendants .................................................................................13

IV. CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*,
  No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, (W.D. Tex. July 2, 2014) ……10, 11, 12

*Anova Applied Elecs., Inc. v. Hong King Grp.*, Ltd.,
  334 F.R.D. 465 (D. Mass. 2020) ................................................................................... 10

*Atlas Global Technologies v. TP-Link*,
  Case No. 2:21-CV-00430-JRG-RSP (E.D. Tex. March 8, 2022) ................................... passim

*Curtis v. ABB, Inc.*,
  No. CV 12-2014 PA (FMOx), 2013 U.S. Dist. LEXIS 198828 (C.D. Cal. May 21, 2013) ... 13

*Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp., et al.*,
  Case No. 3:17-CV-01827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018) ......................... 8

*In GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) .................................................................................... 11

*In re LDK Solar Sec. Litig.*,
  2008 WL 2415186 (N.D. Cal. June 12, 2008). ................................................................. 13

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
  2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) ..................................................................... 7

*Nagravision SA v. Gotech Int'l Tech. Ltd.*,
  882 F.3d 494 (5th Cir. 2018) ............................................................................................ 7

*Nuance Communications, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010) ......................................................................................... 7

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, (9th Cir. 2002) ....................... 7

*RPost Holdings Inc., et al. v. Kagan*,
  Case No. 2:11-CV-238-JRG, 2012 WL 194388 (E.D. Tex. Jan. 23, 2012) ........................ 8

*SIMO Holdings, Inc. et al. v. Hong Kong Cloudlink Network Tech. Co. Ltd.*,
  Case No. 2:20-CV-00003-JRG, 2020 WL 6578411 (E.D. Tex. June 15, 2020) ............. 8, 10

*STC.UNM v. Taiwan Semiconductor Manufacturing Company Limited and TSMC North
  America, Inc.* Civil No. 6:19-CV-00261-ADA (W.D. Tex. May 29 2019) .............................. 7

*STC.UNM v. TP-Link Technologies Co., Ltd.*, Case No. 6:19-cv-00262-ADA (W.D. Tex. June
  24, 2019) ...................................................................................................... 10, 12

*Stingray IP Solutions, LLC v. TP-Link Technologies Co., LTD., et al.*,
  Case No. 2:21-CV-00045- JRG, 2021 WL 6773096 (E.D. Tex. Nov. 19, 2021) ............ passim

*U.S. ex rel. Miller v. Pub. Warehousing Co. KSC,*
    636 Fed. App'x 947 (9th Cir. 2016). ........................................................................................ 13

*Victaulic Co. v. Allied Rubber & Gasket Co.*,
    No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150 (S.D. Cal. May 8, 2020) ........ 10

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988). ................................................................................................................ 9

*WorldVentures Holdings, LLC v. MaVie*,
    2018 U.S. Dist. LEXIS 209348 (E.D. Tex. Dec. 12, 2018). ................................................... 13

Plaintiff CDN Innovations, LLC ("CDN" or "Plaintiff") files this Motion for Leave to Effect Alternative Service on Defendants TP-Link Technologies Co., Ltd., ("TP-Link Tech.") and TP-Link International Ltd. ("TP-Link Int'l") (collectively, "TP-Link" or "Defendants"), and respectfully seeks leave to serve the summons and complaint on Defendants via alternative means, by either serving Defendants' known outside counsel, or Defendants' US subsidiary, or both, rather than bear the expense and delay inherent to service under the Hague in the People's Republic of China.

I.   **FACTUAL BACKGROUND**

   A.   **Plaintiff Is a Georgia LLC and Defendants are Chinese Companies**

Plaintiff CDN is a limited liability company organized under the laws of the State Georgia with a place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009. Defendant TP-Link Tech is a multi-national private limited company organized under the laws of the People's Republic of China ("PRC" or "China") with its principal place of business at South Building 5 Keyuan Road, Central Zone Science & Technology Park, Nanshan, Shenzhen, PRC, 518057.  Defendant TP-Link Int'l is a private limited company organized under the laws of Hong Kong with its principal place of business located at Room 901-902,9/F, New East Ocean Centre, 9 Science Museum Road, Tsim Sha Tsui, Kwun Tong, KL, Hong Kong, China, 518057. TP- Link Int'l is a related entity of TP-Link Tech.  Defendants have acted in concert with respect to the facts alleged herein such that any act of one is attributable to any and all of the others and vice versa.  Dkt. No.1 (Complaint) at 2.

   B.   **Plaintiff Has Repeatedly Attempted to Serve Defendants**

On July 29, 2022, Plaintiff filed its complaint in this Court alleging claims for patent infringement against Defendants.  Dkt. No. 1.  On August 3, 2022, Plaintiff sent copies of the Complaint and Summons to Defendants TP-Link Int'l.  The complaints and summonses were

5

sent via FedEx international priority mail to the headquarters of TP-Link Int'l, but TP-Link Int'l refused service on August 8, 2022. (Ex. 1. And Ex. 2.)[1] On August 9, 2022, Plaintiff sent an email to TP-Link's known outside counsel of record, Mr. Steven Moore, requesting that TP-Link waives service. (Ex. 3.) TP-Link's counsel of record did not respond. Then on August 19, 2022, Plaintiff attempted to serve Defendants via their U.S. counsel of record, Mr. Steven Moore, at Kilpatrick, Townsend & Stockton LLP. However, the service was refused again on August 22, 2022. (Ex. 4.) Then on August 23, 2002, Plaintiff emailed Mr. Steven Moore, requesting that he accept service on behalf of TP-Link. The request was again ignored. (Ex. 5 and Ex. 6.)

Plaintiff has made reasonable efforts to effect service on Defendants through court approved methods. Defendants thus were given adequate notice of the present lawsuit. Plaintiff therefore seeks leave to serve Defendants through the following alternative means: (1) service via Defendants' U.S. subsidiary; and/or (2) service via known outside counsel of record for Defendants in another case pending in this venue.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 4(h)(2) and Rule 4(f) provides that a foreign corporation, partnership, or other unincorporated association located outside the United States may be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>    (B) as the foreign authority directs in response to a letter rogatory or

---

[1] Citation to Exhibits in this brief refer to the Exhibits attached to the co-filed Declaration of James Lennon in Support of Plaintiff's Motion for Leave to Effect Alternative Service.

>    letter of request; or
>    (C) unless prohibited by the foreign country's law, by:
>       (i) delivering a copy of the summons and of the complaint to the individual personally; or
>       (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>  (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

In authorizing alternative services, courts have made clear that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018. Rule 4(f)(3) "stands independently on equal footing" with other methods of service under Rule 4(f). *Nagravision SA,* 882 F.3d at *494-498 (quoting *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). Rule 4(f)(3) is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *OnePlus*, 2021 WL 4130643, at *3. A plaintiff is not required to attempt service under the procedures outlined by the Hague Convention first in order to seek the court's approval for alternative service under Fed. R. Civ. P. 4(h)(3). *Rio Properties*, 284 F.3d at *1007-1015; *see also STC.UNM v. Taiwan Semiconductor Manufacturing Company Limited and TSMC North America, Inc*. Civil No. 6:19-CV-00261-ADA at *2 (W.D. Tex. May 29 2019). Further, district courts are granted broad discretion in authorizing alternative service. *OnePlus*, 2021 WL 4130643, at *3–4.

To authorize service under Rule 4(f)(3), courts must consider whether two requirements are met. First, courts must consider the delay and expenses of conventional services in conjunction with other circumstances such as the attempts effected by the plaintiff. *Atlas Global*

*Technologies v. TP-Link*, Case No. 2:21-CV-00430-JRG-RSP, at *4 (E.D. Tex. March 8, 2022); *Stingray IP Solutions, LLC v. TP-Link Technologies Co., LTD., et al.*, Case No. 2:21-CV-00045-JRG, 2021 WL 6773096, at *3 (E.D. Tex. Nov. 19, 2021). Second, courts must consider whether the alternative services requested comports with due process. *SIMO Holdings, Inc. et al. v. Hong Kong Cloudlink Network Tech. Co. Ltd.*, Case No. 2:20-CV-00003-JRG, 2020 WL 6578411, at *2 (E.D. Tex. June 15, 2020); *Atlas Global Technologies,* at *6; *Stingray*, 2021 WL 6773096, at *2. "Due process, in turn, requires reasonable notice and an opportunity to be heard be heard." *Stingray*, 2021 WL 6773096, at *2 (quoting *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp., et al.*, Case No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018)). "The method of service crafted must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *RPost Holdings Inc., et al. v. Kagan*, Case No. 2:11-CV-238-JRG, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012).

### III.   ARGUMENT

#### A. Alternative Service of Process Is Justified Under Rule 4(f)(3)

China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") and has established procedures for service of judicial documents. *See* Member: China, https://www.hcch.net/en/states/hcch-members/details1/?sid=30 (listing China as a Contracting Party to the Hague Convention). However, China has also formally declared its opposition to the use of postal channels under Article 10(a) of the Hague Convention. Instead, China requires service of all judicial documents via the Hague Convention to go through a Central Authority. *See* China-Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=243. By contrast, Hong Kong does allow judicial documents to be sent directly to persons through

postal channels. *See* China (Hong Kong SAR) – Other Authority (Art. 18) & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=393 (stating no opposition to Article 10(a) of the Hague Convention).

First, this Court has previously found that Rule 4(f)(3) permits the requested forms of alternative service because they do not fall within the scope of the Hague Convention. *Atlas Global Technologies,* , at *4*; *Stingray*, 2021 WL 6773096, at *2. The requested forms of alternative services are effectuated within the United States and not within the territory of foreign countries. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). They are thus not prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3). The court further found that delay, expense, the previous good-faith attempts of plaintiff to effectuate service, and the refusal by the defendants to accept service by FedEx international priority mail weighed in favor of allowing alternative service under Rule 4(f)(3). *Atlas Global Technologies,* , at *4*; *Stingray*, 2021 WL 6773096, at *2.

The facts of the present case are nearly identical to those in *Atlas* and *Stingray*, involving the same TP-Link Defendants. In *Atlas* and *Stingray*, this Court permitted alternative service on the TP-Link Defendants via their US subsidiary and their attorneys-of-record because of the delay, expense, prior attempts to effectuate service, and Defendants' refusal to accept service by international mail. *Atlas Global Technologies,* at *1-2*; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *5-12. For the same reasons, this Court should similarly permit alternative service on TP-Link's US subsidiary and current counsel of record.

1. **Alternative Service Is Justified Because of the Delay and Expense Associated with Service via the Hague Convention**

As in *Atlas*, "[a]lternative service is justified in this case because of the delay, expense, and complications associated with service via the Hague Convention." *Atlas Global*

*Technologies,* , at *4*; see also, Stingray*, 2021 WL 6773096, at *2. As this Court previously recognized, "the multi-month delay of service under the Hague Convention supports a grant of alternative service under Rule 4(f)(3)." *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *6; *see also Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, at *9 (W.D. Tex. July 2, 2014). Courts also recognized that "seeking to avoid unnecessary delay and expense is a valid reason to grant alternative service." *STC.UNM v. TP-Link Technologies Co., Ltd*., Case No. 6:19-cv-00262-ADA at *4 (W.D. Tex. June 24, 2019), U.S. Dist. LEXIS 185740, at *7-9; *SIMO Holdings*, 2020 U.S. Dist. LEXIS 211986 at *3.

As in *Atlas*, this Court found that delay was particularly apparent with respect to – Chinese companies, like TP-Link Tech, because China objects to Article 10 of the Hague Convention, which would allow service through postal channels and judicial officials in the state where service is to occur. *Atlas Global Technologies,* , at *6-7; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *6. Thus, TP-Link Tech cannot be served via more expedient methods of service by mail under Rule 4(f)(2)(C)(ii). *Atlas* at *6-7. So "service under Rule 4(f)(3) is favorable with respect to at least TP-Link Tech. because it would otherwise require delayed service under the Hague Convention." *Id.* at *7.

Service of process in China under the Hague Service Convention is particularly onerous. Notoriously, China's Ministry of Justice frequently takes two years or more to effect service, does not return proof of service until up to five months afterwards, and does not provide informative updates to requests for the status of service. *See, e.g.*, *Victaulic Co. v. Allied Rubber & Gasket Co.*, No. 3:17-cv-01006-BEN-JLB, 2020 U.S. Dist. LEXIS 82150, at *2 n.3 (S.D. Cal. May 8, 2020) (holding that 34-month delay in service was beyond control of Plaintiff and permitting alternative service via email); *Anova Applied Elecs., Inc. v. Hong King Grp.*,

10

Ltd., 334 F.R.D. 465, 467 (D. Mass. 2020) (noting that nearly two years had passed without Ministry of Justice in China serving defendants with process and authorizing service via email).

"Courts have also found that avoiding the additional expense of serving a defendant in a foreign country is a valid justification for granting an alternative method of service." *Atlas Global Technologies,* , at *6-7; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *7 (citing *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *8). "Requiring service to proceed solely under the Hague Convention would add the cost of separate applications to the respective central authorities along with the expense from any resulting delay. *Id.* at *7-8; *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (ordering alternative service of individual in China, noting that service under the Hague Convention would take "approximately six to eight months")."

### 2. Alternative Service Is Justified Because TP-Link Repeatedly Refused Plaintiff's Multiple Attempts to Effect Service

TP-Link's repeated refusal to accept Plaintiff's multiple attempts to effect service should also favor granting alternative service under Rule 4(f)(3). *Atlas Global Technologies,* , at *6-7; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8. Plaintiff has made multiple attempts to serve the Defendants: (1) by sending complaints and summonses via FedEx international priority mail to the headquarters of TP-Link International (Ex. 1 and Ex. 2); (2) by sending an email to TP-Link's counsel of record, Mr. Steven Moore, requesting that TP-Link waive service (Ex. 3); (3) by attempting to serve Defendants via their U.S. counsel of record, Mr. Steven Moore, at the office at Kilpatrick, Townsend & Stockton LLP (Ex. 4); (4) by emailing Mr. Steven Moore, requesting that he accept service on behalf of TP-Link. TP-Link refused or ignored all these attempts at service. (Ex. 5 and Ex. 6.) Accordingly, alternative service is justified under the circumstances.

### B. Service on the Defendants Through TP-Link's US Subsidiary and Through TP-Link's U.S. Counsel Comports with Due Process

Plaintiff seeks leave to serve Defendants through one or both of the following methods: (1) by serving the Defendants' U.S. subsidiary, TP- Link USA Corporation; and (2) by serving the known counsel for Defendants TP-Link Tech and TP-Link Int'l. Both requested alternative means comport with due process because they are "reasonably calculated, under these circumstances, to apprise Defendants of the pendency of the action and afford them a fair opportunity to present their objections." *Atlas Global Technologies,* , at *7; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8-9

### 1. Defendants Can be Served via U.S. Subsidiary, TP-Link USA

Courts have permitted alternative service of foreign defendants to be effectuated via service upon a U.S. subsidiary or affiliated company. *Atlas Global Technologies,* , at *6-7; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8; *Affinity Labs*, 2014 U.S. Dist. LEXIS 185740, at *9. This Court has previously found that the Defendants in this action are interconnected and related entities, and that TP-Link USA is a subsidiary of TP-Link Tech. *Atlas Global Technologies,* , at *8; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *8; *STC.UNM* , 2020 U.S. Dist. LEXIS 257942, at *9. In *Atlas ( quoting STC.UNM*), the court affirmed the following findings in support of its allowance of alternative service: "(1) TP-Link Tech. and TP-Link USA share a common business name; (2) TP- Link USA has acknowledged its status as a subsidiary of TP-Link Tech.; (3) the same attorneys routinely represent both entities; and (4) Richard Xu has served as an executive of both companies." *Id.* at *8-9. In *Atlas*, this Court further found that the "registered agent for TP-Link USA, Mr. Shu, is in regular contact with executives of TP-Link." Plaintiff thus requests that the Court allow alternative service because service on TP-Link USA is reasonably calculated to give TP-Link notice of the present action.

12

Additionally, serving the foreign TP-Link Defendants via their U.S. subsidiary, TP-Link USA, is proper under FRCP 4(e)(1), which permits service "following state law for serving a summons in" the courts of general jurisdiction of the state in which service occurs. It is black-letter law in California that service of a foreign corporation without its own registered agent in the state may be effectuated by serving a wholly-owned subsidiary. *See Curtis v. ABB, Inc.*, No. CV 12-2014 PA (FMOx), 2013 U.S. Dist. LEXIS 198828, at *11 (C.D. Cal. May 21, 2013) (holding that service on Japanese parent Toyota was accomplished via service of its domestic subsidiary.) California courts define subsidiary as that is "of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made," and offers the parent the advantages of doing business in California. *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC,* 636 Fed. App'x 947, 949 (9th Cir. 2016). Further, California courts held that service upon TP-Link USA's registered agent and upon Fish & Richardson P.C. as U.S. counsel for TP-Link Tech. is reasonably calculated to notify the Defendants of the action and afford them an opportunity to respond. *See In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008).

**2. Service Can Be Accomplished via Known Outside Counsel for Defendants**

Serving international defendants' counsel of record is routinely permitted by courts under Rule 4(f)(3). *WorldVentures Holdings, LLC v. MaVie*, 2018 U.S. Dist. LEXIS 209348, at *37-38 (E.D. Tex. Dec. 12, 2018). Again, as repeatedly noted above, TP-Link is currently involved in two lawsuits in the Eastern Districts of Texas. *Atlas Global Technologies,* , at *8; *Stingray*, 2021 U.S. Dist. LEXIS 252513. In both cases, this Court has already granted plaintiff's motion for alternative service to serve through TP-Link's outside counsel, because "service upon [] U.S. counsel for TP-Link Tech. is reasonably calculated to notify the

13

Defendants of the action and afford them an opportunity to respond." *Atlas Global Technologies,* at *8; *Stingray*, 2021 U.S. Dist. LEXIS 252513, at *10.

TP-Link is represented in both lawsuits and the present action by Edward J Mayle, Kristopher L. Reed, and Steven D. Moore of the law firm Kilpatrick, Townsend & Stockton LLP. TP-Link's counsel are obligated to maintain timely and complete communication with TP-Link. Thus, serving the aforementioned counsel is reasonably calculated to give notice of the present action and afford TP-Link the opportunity to respond to the Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the court grant this Motion for Leave to Effect Alternative Service and allow service of process on TP-Link Technologies Co., Ltd. and TP-Link International Ltd. by delivering the summons and complaint either to TP-Link Technologies Co., Ltd.'s counsel of record at Kilpatrick, Townsend & Stockton LLP., or to TP-Link USA's registered agent, or both, either separately or concurrently, as proper under Rule 4(f)(3) and (h)(2).

| | |
|---|---|
| Dated: September 20, 2022 | DEVLIN LAW FIRM LLC |

*/s/ James Lennon*
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff CDN Innovations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-referenced matter.

                                                */s/ James Lennon*
                                                    James Lennon